# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | No. 3:11-CR-00144 |
| | ) | **Judge Sharp** |
| **KEITH ANTHONY HOWARD** | ) | |

## ORDER OF FORFEITURE CONSISTING OF $220,000 UNITED STATES CURRENCY MONEY JUDGMENT AS TO COUNT ONE OF THE INDICTMENT

IT IS HEREBY ORDERED THAT:

1. As the result of the Court's acceptance of the Defendant Keith Anthony Howard's guilty plea as to Count One of the Indictment, for which the Government sought forfeiture pursuant to 982(a)(2)(A) of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the bank fraud charged in Count One, Defendant Howard shall forfeit to the United States his interest in $220,000 United States currency and substitute assets if such currency could not be located (hereinafter collectively referred to as "Subject Property"). Said $220,000 United States currency is proceeds from the offense of which Defendant was convicted.

2. The Court has determined, based on relevant and reliable evidence, including evidence already in the record, the Plea Petition and Plea Agreement dated June 18, 2012 and entered herein between the United States and Defendant Howard and any additional evidence or information submitted by the parties, including the factual basis agreed to by the United States and Defendant at page 4, paragraph 8 of the Plea Agreement, the facts set forth at the plea colloquy on June 18, 2012, and any additional evidence or information submitted by the parties at sentencing that the Subject Property is subject to forfeiture pursuant to 18 U.S.C. §

982(a)(2)(A), and that the Government has established the requisite nexus between the Subject Property and the offense of conviction.

3. Upon the entry of this Order, the Attorney General (or his designee) and/or the Secretary of the Treasury (or his designee) is authorized to seize the Subject Property and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture in accordance with Fed. R. Crim. P. 32.2 (b)(3).

4. Pursuant to 18 U.S.C. § 982(a)(2)(A), Defendant shall forfeit to the United States the sum of $220,000 United States currency and, by virtue of this Order, a personal Money Judgment in that amount shall enter against Defendant. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Order of Forfeiture consisting of a Money Judgment in the amount of $220,000 United States currency shall become final as to Defendant at the time of sentencing and shall be made part of the sentence and included in the Judgment. Pursuant to Rule 32.2(c)(1) "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

5. Neither the United States through the exercise of due diligence or Defendant have, as of this date, identified specific assets that were derived from the $220,000 in proceeds attributable to the offense for which Defendant has been convicted. Nor has the United States or Defendant yet identified any property of the Defendant that could be forfeited as a substitute asset in accordance with 21 U.S.C. § 853(p). Therefore, as a result of an act or omission of Defendant, said proceeds cannot be located upon the exercise of due diligence; have been transferred or sold to or deposited with a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been co-mingled with other property which cannot be divided without difficulty. Therefore, the United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture consisting of a Money

Judgment of $220,000 United States currency to substitute property having a value not to exceed $220,000 United States currency to satisfy the Money Judgment in whole or in part.

6. This Money Judgment against Defendant Howard shall be recorded in the records of the County Clerk's Office in the county of Defendant's residence and any and all other counties in which Defendant has either real or personal property as a lien thereon in the amount of $220,000 plus interest at the current legal rate computed daily and compounded annually until paid in full, as determined by the United States.

7. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check made payable, in this instance to the United States Secret Service, and delivered by mail to the United States Attorney's Office, Middle District of Tennessee, Attn.: Asset Forfeiture Unit, 110 Ninth Avenue, South, Suite A-961, Nashville, Tennessee 37203-3870 and shall indicate the Defendant's name and case number.

8. Upon the payment of the Money Judgment in full, that the United States shall file a Satisfaction of Judgment with the District Court and the appropriate Clerk of the County in which any transcript or abstract of the judgment has been filed.

9. This Order is in continuing and full effect until payment of the $220,000 is made in full.

10. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

11. The Clerk of the Court shall forward three certified copies of this Order to Assistant United States Debra Teufel Phillips, United States Attorney's Office, Middle District of Tennessee, 110 Ninth Avenue, South, Suite A-961, Nashville, Tennessee 37203-3870

IT IS SO ORDERED this __14th_ day of October, 2014

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE